IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANDRE K. WATERS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV208-098

DEBORAH HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Andre Waters ("Petitioner"), who is currently incarcerated at the United States Penitentiary in Lee County, Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

On August 8, 2008, while incarcerated at the Federal Correctional Institution in Jesup, Georgia, Petitioner filed this petition and asserts that he has not received proper credit for time served on his present sentence under 18 U.S.C. § 3585(a). (Doc. No. 1, p. 1). Petitioner claims his federal sentence commenced on the date his sentence was imposed, rather than on the date he was paroled from his state sentence in New York. Less than a month after filing his petition in this Court, Petitioner was transferred to the Federal Penitentiary in Lee County, Virginia. Two and a half months after his transfer, Petitioner filed another petition in the Western District of Virginia, which is virtually identical to the one he filed in this Court. Waters v. U.S., 7:08-CV-00555-gec-mfu, Doc.

1 (W.D.Va. 2009). The District Court for the Western District of Virginia entered an order rejecting Petitioner's petition for writ of habeas corpus on the merits, holding that the imposition of a federal judgment against Petitioner while he was in the primary jurisdiction of the state of New York did not trigger a change in petitioner's primary custody, but merely stated the penalty he would serve on the federal sentence once he completed his obligations to New York. Id. at Doc. No. 21.

## DISCUSSION AND CITATION TO AUTHORITY

The facts in the instant case are similar to those in Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348 (11th Cir. 2008). In Antonelli, the petitioner filed two petitions for § 2241 habeas corpus relief—one in the Eastern District of Arkansas, and one in the Northern District of Georgia. After the Eastern District of Arkansas court dismissed the petition on the merits, the Northern District of Georgia court dismissed the petition as being successive.[1] The Eleventh Circuit affirmed the Northern District of Georgia's holding remarking,

> [s]uccessive §2241 petitions by federal prisoners are subject to threshold dismissal in the district court because, "no circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

Antonelli, 542 F.3d at 1351 (citing 28 U.S.C. § 2244(a)). The Eleventh Circuit held that because the petitioner's claims had been previously adjudicated on the merits by

---

[1] The district court also held that the petition should be dismissed because the petitioner had not obtained permission from the Eleventh Circuit Court of Appeals to file a second petition pursuant to 28 U.S.C. §2244(b)(3). However, the Eleventh Circuit found dismissal on that ground erroneous since the petitioner's claims were raised under § 2241 and not 28 U.S.C. § 2255, and therefore were not subject to the gatekeeping provision.

the Eastern District of Arkansas, his petition for habeas corpus was properly dismissed by the District Court for the Northern District of Georgia.

Petitioner's claim that he has not received proper credit for time served on his current sentence has been previously adjudicated on the merits by the District Court for the Western District of Virginia,[2] therefore this petition for habeas corpus should be dismissed. Dismissal of this case ensures the conservation of judicial resources and avoids the possibility of inconsistent decisions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Waters' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] The case is currently on appeal in the Fourth Circuit. Waters v. U.S., No. 09-7322.